# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAURICE HOLMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> R. JAMES NICHOLSON, Secretary of ) <br> Veterans Affairs ) <br> ) <br> Defendant. ) | No. 07 CV 4518 <br><br> JUDGE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Maurice Holman ("Plaintiff") is suing his former employer, R. James Nicholson, the Secretary of Veterans Affairs ("Defendant"), for race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 1981 ("Section 1981"), and 42 U.S.C. § 200e-16 *et seq.*, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.* and 29 U.S.C. § 633 *et seq.* Plaintiff also a retaliation cause of action under Title VII. Before this court now is Defendant's Motion for Summary Judgment. For the reasons set forth below, Defendant's motion is **GRANTED** in its entirety.

### I.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v.*

1

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant must set forth specific facts (a "scintilla of evidence" is insufficient) demonstrating that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 252; *see also Celotex*, 477 U.S. at 324. When reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). This standard of review is applied to employment discrimination cases with "added rigor." *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1038 (7th Cir. 1993).

## II.     FACTUAL BACKGROUND

The following facts are largely undisputed; the Court will note where appropriate conflicting facts presented by the parties. Plaintiff is a 57 year-old African-American man. He began working for the Department of Veterans Affairs ("VA") medical center in Hines, Illinois, in 1985. Def.'s Local Rule 56.1 Statement ("DSOF") ¶ 1. In 1998, Plaintiff accepted a position as an Equal Employment Opportunity ("EEO") Counselor Trainee in the Hines VA Office of Resolution Management. He was promoted in 1999 to Counselor, and in 2001 to Counselor/Investigator. *Id.* at ¶ 2, Pl.'s Statement in Opposition to Def.'s Local Rule 56.1 Statement ("PSOF") ¶ 2, Compl. ¶ 14-15. As an EEO specialist, Plaintiff was responsible for counseling VA employees complaining of illegal employment discrimination, and for investigating their discrimination claims. DSOF ¶ 3.

In 2002, the Hines VA office merged with the Brecksville, Ohio VA office, and Tywanna Halsted became Plaintiff's field manager. Halstead is an African-American woman who is older

than Plaintiff. DSOF ¶ 6. In July 2004, Plaintiff was placed on a Performance Improvement Plan ("PIP") for his unsatisfactory job performance. DSOF ¶ 4. In December 2004, Halstead proposed to demote Plaintiff to a lower-level EEO counselor position, allegedly due to his failure to perform at an acceptable level, but rescinded her letter of proposed demotion in February 2005. Between March 30, 2005, and June 17, 2005, Plaintiff sought EEO counseling concerning his PIP and possible demotion. DSOF ¶ 8. Nonetheless, Plaintiff was issued a second letter of proposed demotion in July 2005. DSOF ¶ 9. He filed a formal administrative complaint of discrimination on his proposed demotion, but then requested and accepted a voluntarily demotion from EEO specialist to EEO counselor on September 14, 2005. DSOF ¶ 10.

In March 2006, Plaintiff was issued two letters warning of his deficient performance as EEO counselor. DSOF ¶ 13. Plaintiff was then placed on a 90-day PIP that ended in May 2006. During those 90 days, Plaintiff received 32 hours of one-on-one EEO counselor training. DSOF ¶ 14-15. Despite these efforts, Plaintiff was issued a notice of proposed removal on November 14, 2006. DSOF ¶ 16. Plaintiff submitted a written response to the notice of proposed removal, which was considered by Rosa Franco, Chief Operating Officer of the VA's main Office of Resolution Management in Washington, DC. Franco issued a letter terminating Plaintiff's employment on January 26, 2007. DSOF ¶ 18. Plaintiff claims that upon arriving at work on January 26, 2007, he was arrested and escorted to the Hines VA Police office and was there issued his termination letter. He was then allegedly escorted by a police officer back to the VA office to gather his personal belongings, and then escorted off the VA premises. PSOF ¶ 56-58.

Plaintiff elected to appeal his termination to the Merit Systems Protection Board ("MSPB") on January 30, 2007.[1] DSOF ¶ 22. Plaintiff claimed in his MSPB appeal that the VA had discriminated against him on the basis of his race and gender. DSOF ¶ 24. On June 8, 2007, the MSPB issued an initial decision affirming the VA's decision to terminate Plaintiff for unacceptable performance as an EEO counselor, for, among other things, failing to correctly identify instances of discrimination, and failing to complete his work in a timely fashion. DSOF ¶ 26. The decision rejected Plaintiff's claims that his termination was motivated by a discriminatory purpose. DSOF ¶ 30. The MSPB administrative judge noted that Plaintiff had not presented any direct evidence of discrimination, but that he had argued in support of a circumstantial case of discrimination, that he was treated less favorably by three comparable employees, Bettye Brown (a Caucasian woman), Dawn Arps (and African-American woman), and Rafael Lobato-Martinez (a Hispanic man). DSOF ¶ 31. The judge found all three to be unsuitable comparators. DSOF ¶ 32-33. The judge found Brown to be an unsuitable comparator because she was employed in a different position with different duties than Plaintiff. Arps and Lobato-Martinez were unsuitable despite being employed in the same position as Plaintiff because their performances had improved while Plaintiff's had not. MSPB Decision 8-9, June 8, 2007. The MSPB decision became final on July 13, 2007. DSOF ¶ 29.

---

[1] Both Plaintiff and Defendant included in their summary judgment exhibits a February 14, 2007 Complaint of Employment Discrimination to the VA EEO completed by Plaintiff. It is not clear whether this complaint was actually filed with the VA EEO, since neither party's summary judgment submissions nor Plaintiff's Complaint mentions this complaint. Regardless, in cases like Plaintiff's, an aggrieved federal employee may initially file a complaint with an agency like the VA EEO or an appeal on the same matter with the MSPB, but not both. 29 C.F.R. § 1614.302(b). Whichever is filed first shall be considered an election to proceed in that forum. *Id.* Thus, Plaintiff elected to proceed before the MSPB with his January 30 appeal.

**III. ANALYSIS**

Plaintiff brings five causes of action against Defendant: for allegedly firing Plaintiff because of his age in violation of Title VII and the ADEA (Counts I and II), because of his race in violation of Title VII (Count III), and because of his gender in violation of Title VII (Count IV). Plaintiff's fifth cause of action alleges that Defendant retaliated against Plaintiff in violation of Title VII, 42 U.S.C. § 200f0e-3(a), because he opposed a discriminatory employment practice. Defendant seeks summary judgment on all of Plaintiff's claims.[2]

**A. Counts I, II, and V: Failure to Exhaust Administrative Remedies**

Defendant argues that this court does not have jurisdiction to hear Plaintiff's age discrimination and retaliation claims, because he failed to raise these claims before the MSPB. Indeed, Plaintiff's January 30, 2007 appeal to the MSPB only raises charges of race and gender discrimination, not age discrimination or retaliation.

Federal employees who seek to assert Title VII claims must exhaust the administrative remedies available to them in a timely fashion before they may assert their claims in a lawsuit. 42 U.S.C. § 2000e-16(c); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001). Once an employee has chosen which agency (MSPB, EEOC, or the employing agency) he wishes to adjudicate his claims in the first instance, he is required to stay on his chosen path and to exhaust his remedies there before proceeding onward. *Chaney v. Rubin,* 986 F.Supp. 516, 520-21 (N.D.Ill.1997). As discussed above, Plaintiff elected to proceed before the MSPB instead of the EEOC. It is undisputed that Plaintiff failed to raise his Title VII age or retaliation claims in the

---

[2] Defendant additionally seeks summary judgment on whether (1) Plaintiff is entitled to raise a claim regarding his voluntary demotion in 2005 and (2) Plaintiff may raise claims against Defendant under 42 U.S.C. §§ 1981, 1983, and 1988. Plaintiff has not raised these causes of action in his complaint, and therefore the Court will not address Defendant's motion for summary judgment on these matters.

MSPB appeal. Plaintiff's January 30, 2007 appeal to the MSPB indicates clearly that Plaintiff only raised issues of race and gender discrimination – on the portion of the form listing nine bases for discrimination, Plaintiff clearly circled only "race" and "gender," and then wrote in "sexual orientation" [3] – and the MSPB decision addresses only these two grounds for discrimination. *See* Appeal Form 3, Jan. 30, 2007; MSPB Decision 8. Plaintiff offers no argument or evidence to suggest that he has otherwise raised his age discrimination and retaliation claims before the MSPB as required. Accordingly, because Plaintiff failed to exhaust his administrative remedies, summary judgment on Counts I and V is GRANTED in favor of Defendant.

Plaintiff's age discrimination claim under the ADEA requires a slightly different analysis. Under the ADEA, an individual who feels that he or she has been discriminated against in federal government employment on account of age has two remedial options. The aggrieved individual may choose to first file an administrative complaint against the agency alleged to have acted discriminatorily. 29 U.S.C. § 633a(b). Thereafter, the individual may file suit in federal district court if he is not satisfied with his administrative relief. 29 U.S.C. § 633a(c); 29 C.F.R. § 1614.408. Plaintiff did not file such an administrative complaint. Alternatively, an action may be filed in federal district court in the first instance, provided that the EEOC is given at least 30 days' notice, within 180 days after the occurrence of the questioned matter, of the individual's intent to file such an action. 29 U.S.C. § 633a(d); *Bohac v. West*, 85 F.3d 306, 309 (7th Cir. 1996). Plaintiff did not provide the EEOC with any notice regarding his intent to file a suit on

---

[3] Plaintiff also apparently alleged sexual orientation discrimination in his MSPB appeal, claiming that Halsted discriminated against heterosexuals, but no federal laws prohibit discrimination on the basis of sexual orientation in employment. *Magyar v. Saint Joseph Regional Medical Center*, 544 F.3d 766, 771 (7th Cir. 2008) ("Sexual orientation is not a classification that is protected under Title VII.") (citations omitted). Plaintiff has not advanced a theory of sexual orientation discrimination in this case.

the ADEA claim within 180 days after his termination. Accordingly, summary judgment on Count II is also GRANTED in favor of defendant.

B.      **Counts III and IV: Race and Gender Discrimination**

Plaintiff, an African-American male, argues that Defendant violated Title VII of the Civil Rights Act of 1964 because he was allegedly dismissed due to his race and gender (Counts III and IV, respectively). Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual . . . because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). Defendant seeks summary judgment on both of Plaintiff's Title VII discrimination claims.

The Civil Service Reform Act permits federal employees to appeal certain adverse employment actions to the MSPB. *See* 5 U.S.C. §§ 7701, *et seq.* After a final decision by the MSPB, an aggrieved employee may seek judicial review of the Board's action. Ordinarily, review occurs in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1). However, when an employee asserts a claim of discrimination under section 704 of Title VII, 42 U.S.C. §§ 2000e, *et seq.,* or in mixed cases of discrimination and other claims, the individual may file an action in an appropriate district court. *Randle v. Bentsen,* 19 F.3d 371, 373 (7th Cir.1994); 5 U.S.C. § 7703(b)(2). In these cases, the complainant is entitled to a *de novo* review of the facts surrounding her discrimination claims. 5 U.S.C. § 7703(c).

To survive a summary judgment motion, an employee alleging employment discrimination must show incidents of illegal discrimination through either direct proof or, more commonly, indirect proof. *Phelan v. City of Chicago*, 347 F.3d 679, 684 (7th Cir. 2003). The typical direct method situation is an admission of discriminatory animus by the employer, but a plaintiff can also prevail under the direct method of proof by constructing a convincing mosaic of circumstantial evidence that allows a jury to infer intentional discrimination by the

7

decisionmaker. *Phelan v. Cook County*, 463 F.3d 773, 779 (7th Cir. 2006). Here Plaintiff does not claim to have any direct evidence of discrimination, and instead elects to proceed under the indirect method of proof.

The indirect method of proof is a burden-shifting approach, where the plaintiff bears the initial burden of establishing a *prima facie* case of intentional discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-06 (1973); *Hall v. Bodine Elec. Co.*, 276 F.3d 345, (7th Cir. 2002); *Miller v. Am. Fam. Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000); *Szymanski v. County of Cook*, 2002 WL 171977 at *5 (N.D.Ill.). Once the plaintiff establishes a *prima facie* case, a rebuttable presumption of discrimination arises, and the burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Szymanski*, 2002 WL 171977 at *5. If the employer satisfies that burden, the presumption of discrimination is rebutted, and the burden shifts back to the plaintiff to persuade the trier of fact either directly that a discriminatory reason more likely motivated the action or indirectly that the employer's articulated reason for the employment action is unworthy of credence and is but a mere pretext for intentional discrimination. *Id*.

In order to establish the *prima facie* case of employment discrimination under the *McDonnell Douglas* schema, a plaintiff must provide evidence that "(1) he is a member of a protected class under Title VII, (2) his work performance met the employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly-situated employees outside of the protected class were treated more favorably by the employer. *Goodwin v. Bd. of Trust. of Univ. of Illinois*, 442 F.3d 611, 617 (7th Cir. 2006). If a plaintiff proceeding under the indirect method fails to establish any one of the four factors of the *prima facie* case, the court generally need not proceed any further and summary judgment will be entered for the defendant.

8

*See Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 331 (7th Cir. 2002); *see also Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680-681 (7th Cir. 2002).

Defendant contends that Plaintiff cannot meet his burden under the *McDonnell Douglas* burden-shifting scheme. Defendant concedes that Plaintiff was a member of a protected class under Title VII and that he suffered an adverse employment action, but argues that Plaintiff failed to meet his employer's legitimate expectations and also cannot show that similarly situated employees outside of the protected class were treated more favorably by Defendant.

### 1. Similarly-Situated Employees[4]

Defendant argues that there is no evidence that similarly-situated employees outside of the protected class were treated more favorably by the employer. The similarly situated requirement in *McDonnell Douglas* normally entails a showing that the Plaintiff and the comparator employee dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them. *Humphries v. CBOCS West, Inc.,* 474 F.3d 387, 404-05 (7th Cir. 2007) (internal citations omitted). In disciplinary cases in which a plaintiff claims that he was disciplined by his employer more harshly than a similarly situated employee based on some prohibited reason, a plaintiff must show that he is similarly situated to the comparator with respect to performance, qualifications, and conduct. *Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 617 (7th Cir. 2000). At the same time, this requirement is a flexible one that considers "all relevant factors, the number of which depends on the context of the case," and is not "an unyielding, inflexible requirement that requires near one-

---

[4] Because the Court finds that Plaintiff has failed to meet the similarly situated requirement of *McDonnell Douglas*, it needs not reach the issue of whether Plaintiff has shown that his work performance met Defendant's legitimate expectations.

to-one mapping between employees-distinctions can always be found in particular job duties or performance histories or the nature of the alleged transgressions." *Humphries*, 474 F.3d at 405. There is no requirement that a plaintiff show complete identity to a "similarly situated" employee; rather, the inquiry simply asks whether there are sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury to reach an inference of discrimination or retaliation. *Id.*; *see also South v. Illinois Environmental Protection Agency*, 495 F.3d 747, 752 (7th Cir. 2007).

Even using this flexible, common sense approach, this Court is unable to find that Plaintiff has offered any suitable comparators to meet his *McDonnell Douglas* requirement. In his response to Defendant's motion for summary judgment, Plaintiff identified only two co-workers as potential comparators. The first, Dottie Robinson, allegedly complained to the chief operating officer about Halsted and was reassigned to another field manager, while Plaintiff had complained but was required to remain under Halstead's supervision. Pl.'s Resp. to D.'s Mot. for Summ. J. 7. Robinson was identified only as Plaintiff's "white female co-worker"; there is no evidence that she held the same position as Plaintiff, was required to perform the same duties as Plaintiff, and performed those duties at the same level as Plaintiff. The only evidence Plaintiff cites is his own affidavit, attached as part of his Local Rule 56.1 statement of facts submission, which only restates the bare facts recited in his summary judgment response. The second potential comparator is Denene Burnette, whom Plaintiff claims was allowed to take "excessive leave" without pay and was promoted to a team leader position. Plaintiff alleges that he had requested his annual leave in 2006 but had been unfairly denied on the basis of his failure to complete a training course unrelated to his work. Pl.'s Resp. 7. Again, however, the evidence

presented by Plaintiff is insufficient for the Court find that Brunette is a suitable comparator. She is described as simply "female," and Plaintiff has introduced no information about her qualifications, performance, or conduct. The Court is merely directed to an unexplained sheaf of attendance records to confirm Plaintiff's allegations about her leave status.[5]

Plaintiff also makes several arguments irrelevant to the similarly situated analysis. He concludes that Halsted created a hostile work environment by doing such things as failing to discuss a letter of counseling with Plaintiff as she had promised to do, yet Plaintiff has not brought a claim alleging a hostile work environment, so this argument is misplaced. Plaintiff also argues that another employee, Bettye Brown, was less qualified than Plaintiff but had been promoted over him. Again, there is no evidence for this proposition besides Plaintiff's affidavit. Furthermore, the MSPB had found that Brown was employed in a different position as Plaintiff and had different duties and therefore not a suitable comparator, a finding that Plaintiff offers no evidence to dispute. MSPB Decision 8. In fact, Plaintiff does not appear to be offering Brown as a comparator at all, but rather somehow as evidence that Plaintiff met the legitimate expectations of his position, and therefore appears to admit that Brown not relevant to the similarly situated analysis.

As the Seventh Circuit recently explained, "Summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir.

---

[5] Plaintiff's Local Rule 56.1 Statement of Facts was an undifferentiated mass of paper without tabs, pagination, or any other point of reference that would have permitted the Court to find the materials referenced therein. It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). Notwithstanding this, the Court in this case scoured the record, and still could not find evidence sufficient for Plaintiff to overcome Defendant's motion for summary judgment.

2008) (quotations omitted). The non-moving party must do more than "raise some metaphysical doubt as to the material facts," but rather must set out specific facts showing a genuine issue for trial. *Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006); Fed. R. Civ. P. 56(e). The "mere existence of a scintilla of evidence" is insufficient, *Anderson*, 477 U.S. at 252, yet Plaintiff, by referencing only two possible comparators but no details about them that would allow the Court determine their suitability as comparators, has offered the Court only such a scintilla. Where the plaintiff resisting a motion for summary judgment does not provide, nor does the record reveal, any salient characteristics of individuals that would render them "similarly situated" to the plaintiff for purposes of this Court's discrimination analysis, the plaintiff has failed to establish a prima facie case of discrimination. *South v. Illinois Environmental Protection Agency*, 495 F.3d 747, 753 (7th Cir. 2007). Accordingly, Defendant's motion for summary judgment on Counts III and IV is GRANTED.

## IV.   CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED** in its entirety.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

**Dated:** January 9, 2008